FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 05-cv-01655-REB-KLM

CECILIA MORGAN, and
WILLIAM F. MORGAN,

    Plaintiffs,

v.

UNITED PARCEL SERVICE (UPS), INC.,

    Defendant.

## ORDER DENYING MOTION TO REMAND

**Blackburn, J.**

    The matter before me is plaintiffs' **Motion To Remand** [#53], filed April 6, 2007. I deny the motion.

    Plaintiffs originally filed this action in the District Court of Larimer County, Colorado against defendant United Parcel Service and its quondam employee, Oren Galor, on May 12, 2005. However, plaintiffs were unable to locate Galor to effectuate service of process. Defendant offered to stipulate that Galor was acting within the course and scope of his employment at the time of the accident that forms the basis of this lawsuit, and based on that stipulation, plaintiffs dismissed Galor without prejudice. Defendant then removed the case to this court on the basis of diversity of citizenship on August 26, 2005.

    The legal basis for plaintiffs' assertion that this case must be remanded is muddy, to say the least. The forty-year old case to which they cite stands for nothing

more than the unremarkable proposition that all defendants who are not merely nominal parties must join in a petition for removal. ***See Urban Renewal Authority of City of Trinidad, Colorado v. Daugherty***, 271 F.Supp. 729, 731 (D. Colo. 1967). Moreover, the facts that Galor is not a party, nominal or otherwise, to this litigation, and that plaintiffs insist that they do not intend to attempt to join him, renders this principle inapposite here.

Plaintiffs insinuate also that defendants intentionally withheld knowledge of Galor's whereabouts, but produce no actual evidence to support that supposition. They claim that Galor is an indispensible party, but provide no citation to the legal standards governing that determination, let alone any discussion of the relevant considerations. Such inadequately briefed arguments are contrary both to the local rules of this district, **D.C.COLO.LCivR** 7.1C ("[A] motion involving a contested issue of law shall . . . be supported by a recitation of legal authority incorporated into the motion."), and my own established practices, ***see South Denver Anesthesiologists, PC v. Oblachinski***, 2007 WL 2255123 at *1 (D. Colo. Aug. 3, 2007) (Blackburn, J.) ("I do not consider cursory, unsupported, or otherwise inadequately briefed arguments such as those included in defendant's motion to remand."). In short, plaintiffs' motion is long on rhetoric, but short on authority.

Even more telling is what the motion fails to reveal. Plaintiffs offer not one iota of argument or evidence demonstrating their own efforts to locate Galor during the more than two years since this case was first removed. They have known since at least October, 2005, that defendants intended to call Galor as a witness. Yet they appear to

2

believe that they had no independent duty to ascertain his current whereabouts. They claim that the primary reason for the confusion may have been the misspelling of Galor's name, although it was they who were originally responsible for the misspelling. As the party with the burden of proof at trial, plaintiffs clearly are mistaken if they believe that they could simply sit back and attend defendant's discovery responses before complaining of Galor's absence from this lawsuit.

In the end, plaintiffs' motion is premised on little more than a vague belief that defendant has somehow acted unfairly toward them. The fact that, with the benefit of hindsight, plaintiffs now seem to regret their stipulation dismissing Galor from the original suit provides no basis warranting remand of an otherwise properly removed case.

**THEREFORE, IT IS ORDERED** that plaintiffs' **Motion To Remand** [#53], filed April 6, 2007, is **DENIED**.

Dated November 28, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**