IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01655-REB-KLM

CECILIA MORGAN, and
WILLIAM F. MORGAN,

    Plaintiff(s),

v.

UNITED PARCEL SERVICE (UPS), INC.,

    Defendant(s).

## ORDER DENYING MOTION FOR LEAVE TO DESIGNATE EXPERT

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Leave to Designate Dr. Jeffrey Sabin as an Expert Orthopedic Surgeon** [Docket No. 104; Filed June 20, 2008] (the "Motion"). Defendant filed a response on June 26, 2008 and indicated that it is opposed to the untimely designation of Dr. Sabin as an expert for Plaintiffs [Docket No. 109]. As a preliminary matter, the Court notes that Plaintiffs filed the Motion thirty-one (31) days prior to trial, nearly two months after formal discovery had been completed, and nearly three months after the deadline for expert disclosures expired. Moreover, Plaintiffs failed to list Dr. Sabin as a potential witness in the Final Pretrial Order entered on April 29, 2008 [Docket No. 88].

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. Pursuant to Fed. R. Civ. P. 37(c)(1), a party who without substantial justification fails to timely disclose information required by Fed. R. Civ. P. 26 is prohibited from presenting evidence related to this information at trial. "This sanction is mandatory unless the non-disclosing party shows substantial justification or that the failure to disclose was harmless." *Cook v. Rockwell*, 233

F.R.D. 598, 600 (D. Colo. 2005). In determining whether the failure to timely disclose was substantially justified or harmless, the Court considers:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (citation omitted).

As to the first factor, the prejudice to Defendant resulting from this last-minute expert designation and the production of this expert report is clear. In addition to the burden and expense associated with having to depose an unexpected expert on the eve of trial, Defendant's expert report, which has already been completed, would likely need to account for Dr. Sabin's testimony. Revision to Defendant's expert report would necessarily be paid for by Defendant. This additional time, monetary burden, and effort comes at the expense of the time, monetary burden, and effort Defendant ordinarily would be putting into preparing for trial. I find that this factor weighs in favor of Defendant.

As to the second factor, the prejudice resulting from this untimely designation cannot be cured by merely allowing Defendant to depose Dr. Sabin. As of the date of this Order, trial is set to commence in less than twenty (20) days. While Plaintiffs argue that Defendant would not be prejudiced because there is "ample time" for Defendant to depose Dr. Sabin, *Motion* [#104] at 2, Plaintiffs ignore the expenditure of effort and money Defendant would face due to the untimely designation. In addition, leaving aside whether twenty (20) days is "ample time" to depose Dr. Sabin and still adequately prepare for trial, Plaintiffs' suggestion that the mere reopening of discovery can remedy any prejudice is rejected. The deadlines set in this case and, indeed, in all cases litigated in this Court, cannot be so cavalierly tossed aside without a showing of, at a minimum, good cause.

Plaintiffs fail to offer any legitimate cause, and instead attempt to blame Defendant for their own shortcoming. I find this factor weighs in favor of Defendant.

As to the third factor, Defendant argues that the testimony of Dr. Sabin and the introduction of his report would broaden the scope of the previously-identified issues for trial. It further argues that the inclusion of this evidence would prolong the trial and impact its experts' ability to be prepared for and address the new issues. Plaintiffs fail to address the scope of Dr. Sabin's testimony or its impact on the trial. I find this factor weighs in favor of Defendant.

As to the fourth factor, Plaintiffs' bad faith or willfulness, the Court notes that Plaintiffs attempt to blame Defendant for their own delay. *Motion* [#104] at 1-2. This attempt is not well taken and is wholly unsupported. Defendants indicate they were not aware of or involved in the examination of Plaintiff Cecilia Morgan by Dr. Sabin. *Response* [#109] at 2, 4. Dr. Sabin's medical examination of Plaintiff Cecilia Morgan occurred on March 2, 2008, which was well within the deadline for disclosing experts and nearly two months prior to the parties' identification of trial witnesses. Plaintiffs knew of the examination at the time it was taken, and they also knew that a report from Dr. Sabin would be forthcoming. They could have moved for an extension of the expert designation deadline or taken various other actions to preserve this potential evidence and testimony. At a minimum, Plaintiffs' lack of diligence evidences bad faith, and this Court is not inclined to reward Plaintiffs for their inexcusable neglect by imposing an undue, unexpected, unjustified, and wholly avoidable burden on Defendant. The Court finds this factor weighs in favor of Defendant.

Defendant also points to the Final Pretrial Order which lists the parties' witnesses

for trial.  The Order can only be amended by the Court "to prevent manifest injustice" [Docket No. 88].  Defendant argues that Plaintiffs have failed to articulate any manifest injustice that would result considering that the delay in designating Dr. Sabin was wholly the fault of Plaintiffs.  The only argument provided by Plaintiffs is that "to have Dr. Sabin excluded as a witness when he has been the most recent independent examiner of Plaintiff Cecilia Morgan's condition" would be prejudicial to Plaintiffs.  Motion [#104] at 2.  Nevertheless, to avoid such prejudice, Plaintiffs could have and should have timely disclosed Dr. Sabin as an expert and included him in their witness list.  Plaintiffs have failed to articulate sufficient information that could lead the Court to conclude that Plaintiffs would suffer manifest injustice.  Moreover, to the extent that Plaintiffs contend they were excused from timely designating Dr. Sabin or identifying him as a witness because they did not receive his medical report until early June, such delay "has nothing to do with the timing of their obligation under the Federal Rules to provide disclosure of any expert testimony. . ." or identify their expert witnesses.  See Cook, 233 F.R.D. at 600.

Plaintiffs have failed to meet the burden articulated in Fed. R. Civ. P. 37(c)(1) to offer substantial justification for their failure to timely designate Dr. Sabin as a testifying expert.  Further, the Court finds that Plaintiffs have failed to show that the delay was harmless.  As noted above, the fact that Defendant still has time to depose Dr. Sabin does not remedy the harm to Defendant.  See Cook, 233 F.R.D. at 600 n.37 (noting that although the party was able to depose the new expert witness in advance, such did "not cure the prejudice that resulted from this untimely and incomplete disclosure").  Finally, the Court finds that Plaintiffs have failed to articulate manifest injustice resulting from the exclusion of the testimony of Dr. Sabin or his report at trial.  As such, Plaintiffs' request to designate Dr.

4

Sabin out of time is **DENIED**.

Dated: July 3, 2008

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix